IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 NOV 15 AM 9: 46

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

LEON BART WHITE,

     Defendant.

Cv. No. 05-2011-Ml/V
Cr. No. 03-20004-Ml

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On January 6, 2005, defendant Leon Bart White, Bureau of Prisons Registration number 18788-076, an inmate at the Federal Prison Camp (FPC) in Montgomery, Alabama, filed a <u>pro se</u> motion pursuant to 28 U.S.C. § 2255 challenging his conviction for violating 21 U.S.C. § 846.

On January 7, 2003, a federal grand jury returned a three-count indictment against White. The first count of the indictment charged that White conspired with others to manufacture methamphetamine, in violation of 21 U.S.C. § 846. Count two of the indictment charged White with attempting to manufacture methamphetamine, in violation of 21 U.S.C. § 846. Count three charged him with creating a substantial risk of harm to humans while manufacturing and attempting to manufacture methamphetamine, in violation of 21 U.S.C. § 858.

This document entered on the docket sheet In compliance with Rule 58 and/or 79(a) FRCP on 11-15-05



On June 9, 2003, White pled guilty to count one of the indictment pursuant to a plea agreement which provided, in pertinent part, that the government agreed to recommend that he receive a three-level reduction for acceptance of responsibility, agreed to recommend that he be sentenced at the lowest possible end of the applicable sentencing guideline range, would move to dismiss the remaining counts of the indictment at sentencing, and would not object to a finding that he qualified under the safety valve provisions of 18 U.S.C. § 3553(f) or United States Sentencing Guidelines (U.S.S.G.) § 5C1.2, providing the defendant complied with the requirements for the reduction.  The agreement also provided that, in the event White committed or attempted to commit any additional crimes or engaged in any conduct constituting obstructing or impeding justice or if White attempted to withdraw his plea, the government was released from its obligations and would be free to argue for any sentence within statutory limits.

On September 11, 2003, the Court conducted a sentencing hearing, at which time the Court granted a three-level reduction for acceptance of responsibility and sentenced White to forty-six months imprisonment, the low end of the applicable guidelines range.  The Court also imposed a term of three years of supervised release. Counts two and three of the indictment were dismissed upon motion of the government.  Judgment was entered on September 15, 2003. White did not appeal his sentence.

White has now filed this § 2255 motion contending that:

2

1.  Movant's indictment was constructively amended when the essential elements contained in the indictment were altered by the government at sentencing;

2.  The district court improperly calculated movant's base offense level without making individualized findings concerning the scope of movant's involvement in the conspiracy; and

3.  White was subjected to ineffective assistance of counsel.

White's presentation of these issues, as a whole, does not comply with Rule 2(b) of the Rules Governing § 2255 Proceedings for the United States District Courts ("Section 2255 Rules"), which requires, <u>inter alia</u>, that the motion "shall specify all the grounds for relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, shall have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."  Although the Sixth Circuit has not had occasion to address the pleading standards applicable to § 2255 motions, the Second Circuit has stated as follows:

> To warrant plenary presentation of evidence, the application must contain assertions of fact that a petitioner is in a position to establish by competent evidence . . . .  Whether there is a genuine issue of material fact depends upon the sufficiency of those factual allegations.  Airy generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible evidence at a hearing.

<u>United States v. Aiello</u>, 814 F.2d 109, 113-14 (2d Cir. 1987) (citations omitted); <u>accord</u> <u>Taylor v. United States</u>, 287 F.3d 658, 661 (7th Cir. 2002)(noting that, while notice pleading is the standard in ordinary civil litigation, "Rule 2(b) departs from Rule

8 [of the Federal Rules of Civil Procedure] by requiring some fact pleading").

In this case, White has failed to set forth any facts supporting any of the three issues. His motion states "[s]ee attached memorandum" after the listing of each issue. Under these circumstances, the Court has no basis for concluding that White is entitled to relief. Although Rule 2(d) of the Section 2255 Rules provides that an insufficient motion shall be returned to the defendant, that course would be inappropriate and futile in this case because White's one-year statute of limitations expired before this motion was filed.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)("AEDPA") created a statute of limitations for filing habeas petitions under § 2255. Because this petition was filed after April 24, 1996, the AEDPA is applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). The Court should consider this statute of limitations as a threshold matter. Holloway v. Corcoran, 980 F. Supp. 160, 161 (D. Md. 1997), app. dismissed, 161 F.3d 1155 (4th Cir. 1998); Bronaugh v. Ohio, 235 F.3d 280 (6th Cir. 2000).

The relevant portion of 28 U.S.C. § 2255 provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

4

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001). In this case, White's conviction became final no later than September 25, 2003, the last day on which he could have filed a notice of appeal. Accordingly, the limitations period expired on September 25, 2004, unless one of the conditions set forth above is applicable. White's motion was filed on January 6, 2005, and it would, therefore, appear to be untimely.

In Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001), the Sixth Circuit held that the one-year limitations period applicable to § 2255 motions is a statute of limitations subject to equitable tolling. Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in

remaining ignorant of the legal requirement for filing his claim.

Id. at 1008. This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001)(citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

The Sixth Circuit has repeatedly made clear its view that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500.

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control . . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988)(refusing to apply equitable tolling when pro se litigant missed filing deadline by one day). Thus, ignorance of the law by pro se litigants does not toll the limitations period. Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001)("Ignorance of the limitations period does not toll the limitations period.").

The motion contains no argument that White lacked notice of, or knowledge of, the filing requirement. Equitable tolling is inappropriate in this case. Mere negligence or a mistake of fact is ordinarily not the type of extraordinary circumstances that warrants equitable tolling. Brown v. United States, 20 Fed Appx. 373, 374 (6th Cir. Sept. 21, 2001)("Ignorance of the limitations period does not toll the limitations period."). Accordingly, White's motion is barred by the statute of limitations unless one of the conditions set forth above is applicable.

To the extent the conclusory issues of the motion may be construed as contending that Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), are "new rule[s] of constitutional law," White cannot demonstrate that either case has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. New rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989).

Apprendi is not retroactively applicable to cases on collateral review. Goode v. United States, No. 01-1340, 2002 WL 987905 (6th Cir. May 10, 2002); see also Oleson v. United States, No. 00-1938, 2001 WL 1631828, at *3-*4 (6th Cir. Dec. 14, 2001) (holding district court did not abuse its discretion in denying motion to amend § 2255 motion to assert Apprendi claim because amendment would have been futile); Snyder v. United States, No. 01-1258, 2001 WL 1298954, at *2 (6th Cir. Aug. 7, 2001)(upholding dismissal of § 2255 motion because, inter alia, "Apprendi may not

be applied retroactively"); <u>Jones v. United States</u>, No. 00-5280, 2001 WL 92114, at *2 (6th Cir. Jan. 25, 2001)(directing district court to "determine whether <u>Apprendi</u> may be retroactively applied to this case under <u>Teague v. Lane</u>"); <u>United States v. Murray</u>, No. 98-1537, 2001 WL 118605, at *2-*3 (6th Cir. Jan. 25, 2001) (recalling mandate to permit application of <u>Apprendi</u> to case in which certiorari had recently been denied; noting that, with respect to those "defendants whose convictions became final before <u>Apprendi</u> was handed down, the new rule would not be retroactively applicable" and that this action "involves a tiny subset of situations in which this court's decision has been entered, but has not yet become final due to a pending petition for rehearing en banc or for certiorari"); <u>see also</u> <u>In re Clemmons</u>, 259 F.3d 489 (6th Cir. 2001)(holding, on the basis of <u>Tyler v. Cain</u>, 533 U.S. 656 (2001), that <u>Apprendi</u> has not been "made retroactive to cases on collateral review by the Supreme Court", 28 U.S.C. § 2255, and, therefore, it may not form basis for second or successive § 2255 motion); <u>White v. Lamanna</u>, No. 01-4051, 2002 WL 857739, at *2 (6th Cir. May 3, 2002)(applying <u>Tyler</u> and <u>Clemmons</u> to deny consideration of <u>Apprendi</u> issue raised in petition pursuant to 28 U.S.C. § 2241); <u>Perkins v. Thomas</u>, No. 01-5432, 2001 WL 1178279 (6th Cir. Sept. 24,

2001)(same).[1]  Thus, <u>Apprendi</u> fails to provide White with any basis for relief.

In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), although the Supreme Court determined that its holding in <u>Blakely</u> applies to the Sentencing Guidelines, <u>Booker</u>, 125 S. Ct. at 755-56, the Court also expressly stated that its holding must be applied to all cases on direct review.  <u>Booker</u>, 125 S. Ct. at 769 (citing <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in <u>Humphress v. United States</u>, 398 F.3d 855 (Feb. 25, 2005), that the rule of <u>Booker</u> does not fall within the second exception of <u>Teague</u>.  <u>Id.</u> at 863 (noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of <u>Teague</u>).  Thus, the Sixth Circuit concluded that the rule of <u>Booker</u> does not apply retroactively in collateral proceedings.  <u>Humphress</u>, 398 F.3d at 860.  Thus, these recent decisions also fail to provide White with any basis for relief.

---

[1]     These unpublished decisions are consistent with the decisions in other circuits refusing to give retroactive application to <u>Apprendi</u>.  <u>See</u> <u>Hamm v. United States</u>, 269 F.3d 1247 (11th Cir. 2001); <u>Dukes v. United States</u>, 255 F.3d 912 (8th Cir. 2001); <u>United States v. Moss</u>, 252 F.3d 993, 996-1001 (8th Cir. 2001); <u>United States v. Sanders</u>, 247 F.3d 139, 146-51 (4th Cir. 2001); <u>Jones v. Smith</u>, 231 F.3d 1227, 1236-38 (9th Cir. 2000); <u>cf.</u> <u>United States v. Smith</u>, 241 F.3d 546 (7th Cir. 2001)(declining to decide whether <u>Apprendi</u> is retroactively applicable on collateral attack because defendant could not establish cause and prejudice sufficient to excuse his failure to raise the issue at trial and on direct review).

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. <u>See also</u> Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. <u>United States v. Johnson</u>, 327 U.S. 106, 111 (1946); <u>Baker v. United States</u>, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's conviction and sentence are valid, and his motion is DENIED.

Consideration must also be given to issues that may arise if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion. Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 movant may appeal without this certificate.

<u>Lyons v. Ohio Adult Parole Auth.</u>, 105 F.3d 1063, 1073 (6th Cir. 1997), held that district judges may issue certificates of appealability under the AEDPA. The Court also held that AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause. This is the same standard found in prior § 2253, which was essentially a codification of <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983). See <u>Lyons</u>, 105 F.3d at 1073.

> [P]robable cause requires something more than the absence
> of frivolity . . . and the standard for issuance of a
> certificate of probable cause is a higher one than the
> 'good faith' requirement of § 1915. . . . [A] certificate

> of probable cause requires petitioner to make a
> substantial showing of the denial of [a] federal right.
> [A] question of some substance, or a substantial showing
> of the denial of [a] federal right, obviously [does not
> require] the petitioner [to] show that he should prevail
> on the merits.  He has already failed in that endeavor.
> Rather, he must demonstrate that the issues are debatable
> among jurists of reason; that a court could resolve the
> issues in a different manner; or that the questions are
> adequate to deserve encouragement to proceed further.

Barefoot, 463 U.S. at 893 (internal quotations and citations

omitted).  In this case, the defendant's claims are clearly barred

by the AEDPA statute of limitations, and he cannot present a

question of some substance about which reasonable jurists could

differ.  The Court therefore denies a certificate of appealability.

The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C.

§ 1915(a)(3), does not apply to appeals of orders denying § 2255

motions.  Hereford v. United States, 117 F.3d 949, 951 (6th Cir.

1997); cf. McGore v. Wrigglesworth, 114 F.3d 601, 610 (6th Cir.

1997)(instructing courts regarding proper PLRA procedures in

prisoner civil-rights cases).  Rather, to seek leave to appeal in

forma pauperis in a § 2255 case, and thereby avoid the $255 filing

fee required by 28 U.S.C. §§ 1913 and 1917,[2] the prisoner must seek

permission from the district court under Fed. R. App. P. 24(a).

Hereford, 117 F.3d at 952.  If the motion is denied, the prisoner

may renew the motion in the appellate court.

---

[2]     The fee for docketing an appeal is $250.  See Judicial Conference
Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917,
a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or
> application for appeal or upon the receipt of any order allowing, or
> notice of the allowance of, an appeal or of a writ of certiorari $5
> shall be paid to the clerk of the district court, by the appellant
> or petitioner.

Rule 24(a) states, in pertinent part that:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by this defendant is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this __15__ day of November, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 2 in
case 2:05-CV-02011 was distributed by fax, mail, or direct printing on
November 15, 2005 to the parties listed.

---

Leon B. White
FPC-MONTGOMERY
18788-076
Maxwell Air Force Base
Montgomery, AL 36112

Thomas A. Colthurst
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT